## Wright v. Schofield.

Where an attorney at law, in answer to a rule against him to pay
over money collected on a promissory note, sets up that he re-
ceived from the debtor about half the amount of the note, with
instructions to pay the same to the creditor on certain specified
conditions, and his answer is traversed, and upon the trial of the
traverse all the evidence, including his own, shows the answer to
be false as to the amount collected by him, he having really col-
lected nearly four fifths of the note, and his evidence also shows
that the money was not paid to him with any such instructions as
are set up in the answer, a verdict finding the answer false was a
necessary result of the evidence; and while directing against him
a verdict for the amount admitted by his testimony to be in his
hands, with interest from the service of the rule, may be irregular,
yet it is not reversible error, the verdict embracing the proper
amount for which the rule should be made absolute, as the con-
sequence of any finding which was possible under the evidence
and pleadings.                              *Judgment affirmed.*

July 24, 1893.

Rule.    Before Judge Miller.    Crawford superior
court.    October term, 1892.

Wright as an attorney at law was ruled by A. D.
Schofield, surviving partner of J. S. Schofield & Son,
alleging that on or about April 24, 1890, they sent to
Wright, through R. G. Dun & Co., a note for $51 prin-
cipal, made to Schofield & Son by Andrews and Mathews,
which Wright had collected. and that he had refused to
pay over the proceeds on demand.    Wright's answer
was traversed, and on hearing the testimony the court
directed the jury to find a verdict for the plaintiff for
$40 and interest from July 16, 1892, at seven per cent.
Wright moved for a new trial, because the verdict was
contrary to law and evidence, and because the court did
not allow the jury to pass upon the issues presented.
The motion was overruled.    The evidence is as follows:

Mathews testified:    About two years ago Wright
presented the Schofield note for payment; said it was
placed in his hands for collection.    I did not pay the full

amount of it, but paid $40. I did not get the note. A cane-mill for which the note was given was broken and out of repair. It was my understanding with Wright that the $40 paid was to take up the note. Do not remember that it was sued. It was for $51, but there was a defect in the machinery for which it was given. I claimed a reduction for that defect, and was willing to pay $40 and settle. After I had paid Wright the $40, an agent of Schofield & Son came to see me about the note. I told him I had paid Wright the $40 in settlement, and told him of the deduction I claimed. He looked at the machinery, said the deduction was reasonable and satisfactory, and that his firm would accept the $40 in full payment. I considered the whole matter settled between me and Schofield. I have no claim against him, and he makes none against me. I did not know he had not received the $40 until some time afterwards. I do not remember to have had any understanding with Wright that he was to hold the money and not pay it over to Schofield.

Wright testified: I received for collection a note in favor of Schofield & Bro.; did not receive it from Schofield, never had any dealings at all with Schofield; note was sent me from Dun's mercantile agency. Mathews and Andrews paid me $40 with instruction to hold it up unless it would settle the note in full. I kept the money on instructions from Mathews. I am ready to pay it over when I am directed as to how and to whom to pay it. I sued the note in justice's court, and continued for settlement. The suit is still pending. After I had the $40, Dun's agent came to see me, and I offered him the $40 as Mathews had directed me, and he positively refused to accept it in full settlement of the claim. I had no authority to pay over the money only in full settlement, as I had accepted it from Mathews under that promise. The man told me he came to see about it, and came to receive payment only in full for the note.

Andrews testified: I never had any understanding with Wright about money paid on Schofield note. It was sued in justice's court. I do not know what was done with the note or money.

M. G. BAYNE, for plaintiff in error.

STEED & WIMBERLY, *contra.*